B104 (FORM 104) (08/07)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Mark Trippe | Republic Business Credit |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Robert H. Cooper, Esq.<br>150 Milestone Way, Ste. B, Greenville, SC 29615<br>(864-)271-9911 | c/o Nexen Pruet LLC<br>PO Drawer 2426<br>Columbia, SC 29202 |

| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

On or about 04/07/2015, the Court of Common Pleas, Greenville County, entered a judgment for the Defendant herein against the Plaintiff herein in case number 2015-CP-23-02357, Republic Business Credit, vs. Paul Mark Trippe, in the amount of $924,081.00. At the time said judgment was entered, the Plaintiff herein did not own real property in Greenville County South Carolina. No levy and attachment on personal property of the Plaintiff herein has been commenced at the time of filing of his bankruptcy petition.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Paul Mark Trippe | BANKRUPTCY CASE NO.<br>16-02063-hb | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Spartanburg | NAME OF JUDGE<br>Helen E. Burris |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Robert H. Cooper* | | |
| DATE<br>Jun 17, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert H. Cooper, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case Number 16-02063-hb |
| Paul Mark Trippe | ) | |
| 102 Memorial Drive | ) | |
| Greer, SC 29650 | ) | |
| | ) | |
| Debtor | ) | |
| Paul Mark Trippe | ) | |
| Plaintiff | ) | Adversarial Proceeding |
| vs. | ) | Number: _____ |
| | ) | |
| Republic Business Credit | ) | COMPLAINT FOR DECLARATORY |
| | ) | RELIEF |
| Defendant | ) | |

**COMES NOW THE PLAINTIFF**, by and through his undersigned attorney, and respectfully presents:

1) Plaintiff is the Debtor in this case.
2) This adversary proceeding arises in and relates to the Chapter 7 case of Paul Mark Trippe, Case Number 16-02063-hb, in this district. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 1334.
3) This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).
4) Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on April 26, 2016.
5) On or about 04/07/2015, the Court of Common Pleas, Greenville County, entered a judgment for the Defendant herein against the Plaintiff herein in case number 2015-CP-23-02357, Republic Business Credit, vs. Paul Mark Trippe, in the amount of $924,081.00. At the time said judgment was entered, the Plaintiff herein did not own real property in Greenville County South Carolina. No levy and attachment on personal property of the Plaintiff herein has been commenced at the time of filing of his bankruptcy petition.
6) The judgment obtained by the Defendant herein does not create a lien on real property since the Debtor does not own real property in Greenville County South Carolina. Since the Plaintiff herein owns no real estate in the county in which the judgment was entered or recorded, and there has been no levy and attachment on Plaintiff's personal property, the judgment does not create a lien on any other property owned by the Plaintiff and will not create a lien on property acquired by the Debtor in the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order declaring that the judgment does not create a lien on property presently owned or hereafter acquired by the Debtor, and that the judgment creditor's claim is an unsecured claim that is dischargeable in his Chapter 7 case. Further, Plaintiff requests that this Court enter an order declaring that either party may file said Order in any jurisdiction after the Debtor's discharge the purpose of which is to declare the judgment void and of no effect as to the Debtor and his property presently owned or later acquired. Further, Plaintiff prays for such other and further relief as is just and proper.

Respectfully submitted:

_____
Robert H. Cooper DCID #05670
The Cooper Law Firm
150 Milestone Way, Ste B
Greenville SC 29615
(864) 271-9911
(864) 232-5236 fax
rhcooper@thecooperlawfirm.com

June 17, 2016
Greenville, South Carolina